OWEN, Chief Judge.
The issue here is whether there is a substantial change of circumstances such as will justify increasing an alimony and child support award when the wife and minor children, awarded the use of the jointly owned marital domicile, are deprived of that use by the husband’s post-dissolution suit for partition.
The final judgment of divorce awarded the wife and minor children the use of the jointly owned marital domicile “until same shall be disposed of by sale, partition suit or otherwise”, during which time the appellant-husband was required to keep the *515 mortgage payments, taxes and insurance paid on the property. After that judgment was entered, the husband sought a final judgment of partition of the jointly owned property. The wife filed a counterclaim [1] for modification of the alimony and child support awards, alleging that if the property was sold she and the children would be forced to vacate and that such would be a substantial change in her financial circumstances. The final judgment in the partition suit ordered the property sold, and also awarded the wife an increase in alimony and child support in the aggregate substantially equal to that which appellant had been paying for mortgage payments, taxes and insurance on the property.
Appellant first contends that the final judgment contemplated that the property would be partitioned after the dissolution of marriage, and, thus, the partition was not an unexpected change in circumstances, citing Tewksbury v. Tewksbury, Fla.App.1965, 178 So.2d 346. While in the cited cáse the chancellor had found that the change in circumstances relied upon for modification must have been contemplated by the parties at the time they entered into a separation agreement, in the case at bar the trial court found (at least inferential-\y) that the final judgment of dissolution had not contemplated the partition action but at most simply had permitted a partition suit to be brought, the wife’s use of the property to be terminated at such time as that might occur. Such a finding is consistent with the evidence reflecting the wife’s need for the use of the home in addition to the amount awarded for child support and alimony, considering the wife’s financial need and the husband’s financial resources at the time the marriage was dissolved.
When the wife was required to vacate the premises as a result of the partition suit, there was a substantial change in her financial needs equivalent to the cost of renting a suitable home for herself and minor children to replace the use of the one which had been awarded her in the final judgment. The court did not err in finding that this was not contemplated within the provisions of the final judgment, nor is there error in the amount which the court determined to be a proper modification of the alimony and support provisions of the final judgment.
Affirmed.
CROSS and DOWNEY, JJ., concur.

. The trial court recognized that such should properly have been filed as a post-judgment petition in the dissolution of marriage suit, but nonetheless permitted it as a counterclaim in the partition suit.